GARRIGA, PLAINTIFF AND APPELLEE, v. SUCCESSORS OF
FERNÁNDEZ, DEFENDANTS AND APPELLANTS.

APPEAL from the Second District Court of San Juan in an
Action of Debt.

No. 3120.—Decided July 23, 1924.

JUDGMENT—COMPLAINT—VARIANCE. — Variance between the judgment and the
prayer of the complaint is not reversible error when the record contains
elements sufficient to enable the Supreme Court to render the judgment that
the court below should have rendered.

The facts are stated in the opinion.

*Mr. A. Agosto* for the appellant.

*Mr. M. Benítez Flores* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Isidro Garriga brought an action against Successors of
José Fernández to recover two different sums of money,
alleging as regards one of them that on November 1, 1918,
he was employed by the defendants at $100 a month to drive
a motor truck and rendered such services until December
14, 1920, his salary amounting in all to $2,694.50; that from
December 1, 1919, to November 30, 1920, by agreement, he
was to receive the said salary and also 50 per cent of the
net profits earned with the truck, which he estimates in the
sum of $796.34, making a total of $3,490.84, of which he
had received $2,534.23, leaving a balance in his favor of
$956.61, the amount sued for. The other claim is for $600
for certain services alleged to have been rendered to the
defendants; but we shall make no further reference to it
because it is not included in the present appeal.

The defendants answered opposing the claim and after
trial the district court rendered judgment sustaining the
complaint, holding that the plaintiff is entitled to recover
from the defendants the salary earned and not paid from
December, 1919, to February, 1921, inclusive, at the rate of
$100 a month, as well as the profits earned by the truck, and
adjudging that the defendants pay to the plaintiff the total
amount of the salary and profits, less the amounts taken by

the plaintiff on account, taking as a basis for the net amount to be paid the entries appearing in the books of the defendants, a certified copy of which is attached to the record. The court dismissed the other claim and adjudged that the defendants should pay the costs.

From that judgment the defendants appealed, assigning error as follows: That error was committed in weighing the evidence and that the judgment is contrary to law.

The latter assignment is made on the ground that the judgment does not conform to the prayer of the complaint, for while the prayer is for $956.61 as the balance due, the judgment orders a liquidation for the purpose of ascertaining the amount due to the plaintiff.

In fact the judgment is at variance with the complaint, for as the prayer is for a specific amount the judgment should have been for that amount or for such part of it as was shown to be due and should not have ordered a liquidation that was not prayed for and which should have been made at the trial in order to ascertain the amount due, or else the complaint should have been dismissed if no debt had been shown; but the question between the parties, who had had their day in court and were entitled to know the amount due, if any, should not have been left undecided, thus avoiding the necessity of further proceedings for ascertaining the amount. It is also at variance with the complaint in that it adjudges the defendants to pay the salary from December 1, 1919, to February, 1921, when by the complaint it was only sought to recover $956.61 as the balance due to November 30, 1920. Notwithstanding this, if the record contains elements upon which to base such a judgment as the court below should have rendered, this court will supply it and the parties will not suffer injustice.

There is no dispute between the parties that the plaintiff earned a salary of $100 monthly for driving the truck from November 1, 1918, to December 1, 1919, and the question between them is whether from December 1, 1919, to Novem-

ber 30, 1920, the plaintiff earned the said salary plus 50 per cent of the net profits obtained from the truck, as averred by the plaintiff, or only that share of the profits in place of the $100 salary, as claimed by the defendants. The court below adjusted this conflict by crediting the testimony of the plaintiff and of another witness who corroborated it in some particulars, and although the appellants argue strongly against the credibility of the plaintiff, yet we do not feel inclined to hold that there was manifest error in weighing the evidence, for notwithstanding certain improbabilities in his testimony, the judge who heard him testify could give him such credit as he did. Therefore, we shall assume that the plaintiff received as compensation during the said year a salary of $100 monthly plus 50 per cent of the profits earned by the truck.

The plaintiff testified at the trial that during the year 1918 he was not paid the corresponding share of one-half of the profits obtained from the truck, but that he was paid all of the salary of $100 monthly. The transcript reads "the year 1918," but this is evidently an error on the part of the witness or in the transcript, inasmuch as in accordance with his complaint and his testimony he only earned a salary of $100 from November 1, 1918, to December 14, 1919, and it was after that date, or during the year 1920, that he earned 50 per cent of the profits besides his salary. Therefore, we shall consider that he was referring to the year 1920 in that part of his testimony and that in that year he received all of his salary, thereby limiting his claim to the amount corresponding to him for the profits of that year up to November 30, 1920, the last date referred to in the complaint.

As we have said before, the appellee alleged in his complaint that the profits during that year amounted, according to his estimate, to $796.34 and from the books of the defendants it appears that the 50 per cent of the net profits obtained from the truck from the month of December, 1919,

to the end of October, 1920, amounted to $795.48, which they credited to the account of the plaintiff as compensation for his services, considering it all that they had to pay. As may be seen, only the profits for the month of November, 1920, about which there was no evidence, remain undetermined.

In what we have stated we find elements sufficient for holding that the plaintiff has proved that the defendants owe him $795.48 as the profits from the truck, that being the only sum owing and which should be paid. In conformity with this conclusion the judgment appealed from must be modified.

*Affirmed in part.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.